

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard;

Opinion No. O-2595

Re: Authority of the Comptroller to pass the account of Texas Prison System Audit for payment without the approval of the State Board of Control.

We have your letter as follows:

"I am submitting Texas Prison System Audit No. 4812. You will please advise as to whether or not I can pass this account for payment without the approval of the State Board of Control.

"The State Board of Control has refused to approve this account for the reason that no purchase contract was let by them."

Article 6166n of Vernon's Revised Civil Statutes is as follows:

"All contracts for the purchase of materials, supplies, equipment and sustenance for the Prison System shall be upon competitive bids, except as hereinafter provided. Where the amount to be expended is in excess of the sum of $2,000.00 the purchase shall be made upon sealed competitive bids received by the manager after ten days advertisement in some paper or papers of general circulation in this State. Where the amount of the purchase is less than $2,000.00 the manager shall, before letting any contract for such purchase, ask

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and receive not less than three sealed compe-
tive bids for such contract. In cases of emer-
gency the contemplated expenditure does not ex-
ceed $500.00, the purchase may be made without (necessity)
for competitive bids."

Article 634, Revised Civil Statutes, is as fol-
lows;

"The Board of Control shall purchase all
the supplies used by each Department of the
State Government, including the State Prison
System, and each eleemosynary institution,
Normal school, Agricultural and Mechanical
College, University of Texas, and each and
all other State Schools or Departments of
the State Government heretofore or hereafter
created. Such supplies to include furniture
and fixtures, technical instruments and books,
and all other things required by the differ-
ent departments or institutions, except
strictly perishable goods."

The contract under consideration was executed by
the Prison System with the Cameron Can Machinery Company
for the materials and installation of a canning plant at
the State Farm industries. The System, no doubt, acted
in pursuance of Article 6166n, above quoted, and the Board
of Control perhaps declined to approve the contract be-
cause of Article 634 of the statutes.

The language of Article 6166n, "all contracts for
the purchase of materials, supplies, equipment and suste-
nance for the Prison System," is broad enough to include
the present contract. The language of Article 634, "such
supplies to include * * * and all other things required by
the different departments or institutions, except strictly
perishable goods," is also broad enough to cover the present
contract.

There is, therefore, an obvious conflict, and one
or the other of the statutes must fall. The rule in such a
case is that the last Act repeals or supersedes the prior
Act in respect to the conflict.

Article 6166n was enacted in 1927. Article 634 was amended in 1929 by H. B. 149 (2d C. S. 41st Leg. p. 30, Ch. 17). There is no express repealing clause in H. B. No. 149. There is always an implication of repeal, however, where, as here, the provisions of the two statutes relate to the same subject-matter, and are in such conflict as that both cannot stand at the same time. Furthermore, the emergency clause of H. B. No. 149 is quite significant. That clause is:

"The necessity for conforming and extending the exercise of the responsibilities to be assumed by the Board of Control to all institutions of the State government, creates an emergency and an imperative public necessity that the constitutional rule requiring that bills be read on three several days be suspended, and the rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

So that, you are advised that the contract in question should have been let by the Board of Control rather than by the Prison System, Article 634 being the latest Act, and you should not pass the account for payment.

APPROVED AUG 13, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN